# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY WAYNE BOWLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EVERETTE VAN HOESEN, Kay County ) <br> Sheriff; STEPHANIE RINGGOLD, ) <br> Jail Administrator; and 5 UNKNOWN ) <br> COUNTY COMMISSIONERS, ) <br> ) <br> Defendants. ) | Case No. CIV-09-1349-D |

## REPORT AND RECOMMENDATION

Plaintiff Terry Wayne Bowlin, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is a Motion for Summary Judgment and Brief in Support [Doc. #28] filed by Defendants Everette Van Hoesen and Stephanie Ringgold. Plaintiff has responded to the Motion, s*ee* Plaintiff's Motion of Objection [Doc. #20] (Response), and Defendants have filed a Reply [Doc. #31] to Plaintiff's Response. In addition, the Court has received the court-ordered Special Report [Doc. #21]. It is recommended that Defendants' Motion for Summary Judgment be granted, as more fully set forth below.

**I.     Background Facts/Plaintiff's Claims**

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and is currently incarcerated at Clara Waters Community Corrections Center in Oklahoma City, Oklahoma. Plaintiff's claims, however, arise out of his prior detention at the Kay County Jail, Kay County, Oklahoma.

In Count I, Plaintiff claims a violation of his rights under the Fourteenth Amendment to the United States Constitution, claiming a delay and/or denial of proper mental health care. In Count II, Plaintiff claims he suffered unconstitutional conditions of confinement while detained at the Kay County Jail. And, in Count III, Plaintiff claims a violation of his due process rights based on Defendants' alleged tampering with inmate mail, both personal and legal.

**II.    Named Defendants and Relief Sought**

Plaintiff names as Defendants Everette Van Hoesen,[1] Sheriff of Kay County, Oklahoma, and Stephanie Ringgold, Administrator, Kay County Jail. In addition, Plaintiff has sued 5 Unknown County Commissioners. As relief, Plaintiff seeks compensatory and punitive damages.

**III.   Standard of Review**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[1] Although the complaint identifies the Sheriff of Kay County as Van Hausen, Defendants' Motion for Summary Judgment reflects the proper spelling is Van Hoesen.

Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. and Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). Although Defendants, as the moving parties, bear the initial burden of production, once they meet this burden, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotations omitted).

**IV.    Analysis**

    **A.    Count I – Delay and Denial of Mental Health Care**[2]

        **1.    Time-Barred Claims**

Defendants have raised the affirmative defense of the statute of limitations. Plaintiff filed his Complaint on December 9, 2009. Defendants contend any claims based on Plaintiff's detention prior to December 9, 2007, is time-barred. Defendants' limitations defense has merit.

The statute of limitations for claims under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008); *see also Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). Therefore, the applicable limitations period is Oklahoma's two-year statute of limitations for "injury to the rights of another, not arising on contract, and not hereinafter enumerated."

---

[2]Defendants have construed Plaintiff's Complaint to include a claim of denial of medical care. Plaintiff's specific allegations, however, focus exclusively on alleged denial of mental health care, including medication for his mental health issues.

3

Okla. Stat. Ann. tit. 12, § 95(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir.1988).

Plaintiff does not set forth any dates in his Complaint. However, in moving for summary judgment, Defendants have identified three periods during which Plaintiff was detained at the Kay County Jail: December 28, 2006 through June 12, 2007; August 10, 2007 through October 2, 2007; and March 21, 2009 through July 21, 2009. *See* Defendants' Motion, Exhibit 1, Affidavit of Everette Van Hoesen ("Van Hoesen Affidavit), ¶¶ 4-7; *see also id.*, Attachment A [Doc. #28-1] at electronic pages 9, 17 and 21, Inmate Book-In Summaries.[3] In his Response, Plaintiff does not refute that these dates represent his periods of detention at the Kay County Jail.

To the extent Plaintiff brings claims alleging a delay or denial of mental health care for the periods of detention in 2006 and 2007, those claims are time-barred. Specifically, any claims based on conduct occurring prior to December 9, 2007, are time-barred as those claims accrued more than two years prior to the filing of the Complaint. Accordingly, Defendants are entitled to summary judgment as to the claims raised in Count I of the Complaint to the extent those claims are based on conduct occurring prior to December 9, 2007.

---

[3] Plaintiff also spent one day in the Kay County Jail from January 26, 2008 through January 27, 2008. *See id.* at electronic page 13. As this one-day period of detention does not appear to serve as the basis of any claims raised by Plaintiff, it is not included in the Court's analysis of Plaintiff's claims.

## 2. Failure to Demonstrate Violation of Plaintiff's Constitutional Right to Mental Health Care Treatment

To the extent Plaintiff's claims alleging delay and/or denial of mental health care are premised on Plaintiff's period of detention at the Kay County Jail from March 21, 2009 through July 21, 2009, those claims are not time-barred. Defendants move for summary judgment as to any claims arising during this time period, however, on grounds that Plaintiff has not demonstrated that he was subjected to any unconstitutional conduct.

The following undisputed material facts are dispositive of Plaintiff's claims for the time period under review:

1. Kay County entered into an agreement with Health Professionals, LTD, for administration and management of inmate health services at the Kay County Jail. *See* Defendants' Motion, Exhibit 1, Affidavit of Everette Van Hoesen ("Van Hoesen Affidavit), ¶¶ 9-10; *see also id.*, Attachment B [Doc. #28-1] at electronic pages 36-52, Agreement for Inmate Health Services at Kay County Oklahoma (Agreement).

2. The Agreement is "all-inclusive and includes evaluations, diagnoses, medications, and other medical care and treatment." Van Hoesen Affidavit at ¶ 9.

3. According to Sheriff Van Hoesen, medical personnel working for Health Professionals, LTD do not directly provide mental health services.[4] However, "they will evaluate an inmate, provide mental health care medication, and determine if further mental health care is necessary. If the doctor or nurse determines an inmate is at risk because of his mental health or that others are at risk because of his presence, they contact the Edwin Fair mental health facility in Ponca City for an emergency evaluation." Van Hoesen Affidavit, ¶ 10; *see also id.*, Attachment B, Agreement.

4. When booked into the Kay County Jail on March 21, 2009, Plaintiff advised jail officials that he was not under psychiatric care and was not currently taking any prescribed medication. *See* Van Hoesen Affidavit, ¶ 8; *see also id.*, Attachment A [Doc. 28-1] at electronic page 10, Inmate Book-In Summary.

5. The next day, on March 22, 2009, Plaintiff requested treatment for his mental health problems, identifying his mental problems as "bipolar" and "ADDHD." He requested medication, stating that he was taking "elivil 200 mg." *See* Van Hoesen Affidavit, ¶ 14; *see also id.*, Attachment C [Doc. 28-1] at electronic page 60, Plaintiff's Medical File.

---

[4]In fact, the Agreement expressly provides:

> MENTAL HEALTH. The COUNTY shall be responsible for the provision and cost of mental health services.

*See* Van Hoesen Affidavit, Attachment B [Doc. #28-1] at electronic page 42, Agreement.

6. In April 2009, under the care of Dr. Cullinan, Plaintiff was prescribed Trazadone and Elavil for treatment of his mental health problems. *See* Van Hoesen Affidavit, ¶¶ 13-14, *see also id.*, Attachment C [Doc. #28-1] at electronic page 53 and electronic page 57, Plaintiff's Medical File.

7. On April 23, 2009, Plaintiff submitted an Inmate Request / Complaint Form requesting that he be seen by someone at Edwin Fair for treatment of his mental health problems. *See* Van Hoesen Affidavit, Attachment C [Doc. #28-1] at electronic page 68, Plaintiff's Medical File. In response, a nurse advised Plaintiff that because Plaintiff did not have an "open case" with the clinic, the clinic would not see him. *See id.*[5]

8. On April 27, 2009, Dr. Cullinar started Plaintiff on Trazadone. Two days later, on April 29, 2009, Dr. Cullinar prescribed Elavil. *See* Van Hoesen Affidavit, Attachment C [Doc. #28-1] at electronic pages 56, 57, Plaintiff's Medical File.

---

[5]According to Sheriff Van Hoesen:

> Mental healthcare providers at Edwin Fair will evaluate the inmate at the request of medical personnel working for Health Professionals, LTD, and, if necessary, the inmate is transported to Eastern or Western State Hospital. Mental healthcare providers at Edwin Fair determine if and when an inmate needs to be moved to a different facility.

Van Hoesen Affidavit, ¶ 11.

9. In June 2009, under the continued care of Dr. Cullinan, Plaintiff's medications were modified. The dosage of Elavil was increased. *See* Van Hoesen Affidavit, Attachment C [Doc. #28-1] at electronic pages 53, 56. Plaintiff's Medical File. Plaintiff's medical records reflect the nurse on duty at the Kay County Jail called Edwin Fair but was told the clinic would not see him and would not visit Plaintiff at the jail since he did not have an "open case." *See id*. at electronic page 56.

10. Plaintiff was released from the Kay County Jail on July 21, 2009. *See* Van Hoesen Affidavit, ¶ 7; *see also id*., Attachment A [Doc. #28-1] at electronic page 9, Book-In Summary.

Prison officials are constitutionally required to provide inmates with a "level of medical care which is reasonably designed to meet the routine and emergency health care needs of inmates." *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980). *See also Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[M]edical treatment for inmates' . . . psychological or psychiatric care" is included as part of the medical care a State is constitutionally obligated to provide to incarcerated persons. *Ramos*, 639 F.2d at 574. *See also Greason v. Kemp*, 891 F.2d 829, 834 (11th Cir. 1990) ("[D]eliberate indifference to an inmate's need for mental health care is actionable on eighth amendment grounds.") (collecting cases from the federal circuit courts of appeal).

To establish a constitutional violation, the prisoner must satisfy two requirements consisting of an objective and a subjective component. *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).[6] To satisfy the objective component, an inmate must allege facts to demonstrate that the deprivation at issue (here, the alleged delay and denial of mental health care) was sufficiently serious. *Id*. A delay in medical care is sufficiently serious only if the prisoner can show the delay resulted in substantial harm. *Id*. "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id*. (citation and internal quotations omitted).

The subjective component requires the prisoner to present evidence that prison officials acted with a sufficiently culpable state of mind. *See Mata*, 427 F.3d at 751(*citing Estelle*, 429 U.S. at 106). The required state of mind is one of deliberate indifference. *Id*. The subjective component is not satisfied unless a prison official knows of an excessive risk to a prisoner's health and safety and disregards that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be

---

[6]Plaintiff alleges he was a pretrial detainee during his detention at the Kay County Jail. "Under the Fourteenth Amendment due process clause, pretrial detainees are entitled to the degree of protection against denial [or delay] of medical attention which applies to convicted inmates under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir.) (quotation and ellipses omitted), *cert. denied*, 130 S.Ct. 259 (2009). As the Tenth Circuit has determined, the scope of protection afforded pretrial detainees is co-extensive with the Eighth Amendment. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.") (citation omitted); *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, [and courts in this circuit] appl[y] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.").

9

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Moreover, "[i]f an official is aware of the potential for harm but takes reasonable efforts to avoid or alleviate that harm, he bears no liability under this standard." *DeSpain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001).

Plaintiff alleges that he requested "mental health assistance" but was advised that Kay County did not have the funds necessary to provide Plaintiff treatment either through a doctor's examination or with needed medication. *See* Complaint at 2, Nature of the Case. But as the undisputed factual record demonstrates, the Kay County Jail did make provision for medical care for the mental health needs of persons, like Plaintiff, detained there. Moreover, throughout the six-month period of detention in 2009, Plaintiff was routinely treated by medical personnel and prescribed medications for treatment of his mental health care needs. Plaintiff was not allowed access to the Edwin Fair mental health facility. But he was provided alternative treatment for his mental health needs. And he was prescribed medications, including Elavil, the exact medication requested by Plaintiff for his treatment.

Disagreements with the treatment provided by prison medical staff do not in themselves rise to the level of deliberate indifference necessary to show a violation of the Eighth Amendment. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999). Therefore, while Plaintiff may not like or agree with the treatment decisions made on his behalf, his mere disagreement with the mental health care provided at the Kay County Jail is insufficient to state a cognizable constitutional claim for relief under § 1983.

Plaintiff has failed to demonstrate any delay and/or denial of mental health treatment that subjected him to a sufficiently serious risk of harm. Thus, he fails to satisfy the objective component of his claim. In addition, Plaintiff has failed to demonstrate Defendants acted with deliberate indifference.[7] Instead, the record shows Plaintiff was provided medication for treatment of his mental health needs during his six-month period of detention at Kay County Jail in 2009. Accordingly, Defendants are entitled to summary judgment as to the claims raised in Count I of the Complaint, based on Plaintiff's period of detention from March through July 2009, alleging a delay and/or denial of mental health care treatment.[8]

## B.  Counts II and III – Failure to Exhaust Administrative Remedies

With respect to the claims raised in Counts II and III, Defendants have raised the affirmative defense that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See Jones v. Bock*, 549 U.S. 199,

---

[7] Indeed, Plaintiff has shown no personal participation by Defendants Van Hoesen and Ringgold in the alleged deprivation of his constitutional rights; their supervisory status alone is insufficient to create § 1983 liability. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (*citing Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)).

[8] Defendants raise additional grounds for summary judgment. Because the Court finds Plaintiff has failed to demonstrate a violation of his constitutional rights, these additional grounds are not addressed.

216 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA).

Detainees at the Kay County Jail are provided an inmate handbook entitled "Inmate Rules" which "describes the inmate complaint and grievance procedure." *See* Van Hoesen Affidavit, ¶¶ 32, Attachment H [Doc. #28-1] at electronic pages 112-131, Inmate Rules. The Inmate Rules include a section entitled "Complaint and Disciplinary Procedures," setting forth the grievance process at the Kay County Jail. *See id.* at electronic page 119. The section provides:

> An inmate shall have the right and means to report a complaint to the Facility Officials without fear of being subjected to adverse action for doing so. Inmate must report complaint to the Detention Officer on duty in writing. Complaint form will be delivered, without reading, to the Facility Administrator or his designee. If complaint is valid, the complaint will be forwarded to the Sheriff for processing.
>
> Sheriff may direct an investigation into a valid complaint. A written report and findings and recommendations will be submitted to the Sheriff for review. A copy of the complaint, findings, and action taken will be placed in the inmates file.

*See id.*

Defendants have attached to their Motion a number of grievances submitted by Plaintiff during the period of his incarceration in 2009, demonstrating he was familiar with the grievance process at the Kay County Jail. *See* Van Hoesen Affidavit, ¶ 33; *see also* Attachment I [Doc. #28-1], at electronic pages 132-142, Kay County Jail Detention Facility

Inmate Request/Complaint Forms. None of these grievances, however, relate to the claims in this lawsuit. *See id.*[9]

In response to Defendants' affirmative defense of failure to exhaust, Plaintiff alleges that "the Kay County Jail authorities refuse to comply with their own policy concerning grievances therefore the plaintiffs [sic] attempts were futal [sic] and in vain on various issues." *See* Plaintiff's Response at 2. Plaintiff does not provide any specific facts to support these allegations. For instance, he does not state the dates on which he attempted to submit grievances, the subject of the grievances that were not responded to, or the name of the jail officials who allegedly thwarted his efforts. As Defendants appropriately state, Plaintiff's conclusory allegations that prison officials impeded his ability to exhaust administrative remedies are insufficient. *See Breedlove v. Costner*, No. 10-6043, 2010 WL 5173824 at *2 (10th Cir. Dec. 16, 2010) (unpublished op.) (district court properly granted summary judgment on grounds of failure to exhaust administrative remedies where prisoner made only conclusory and self-serving statements, failing to cite any specific instances, of alleged interference by prison officials with attempts to exhaust administrative process). Moreover, "[i]t is the policy of the "[Kay County J]ail to respond to Request and/or Complaint forms which are submitted." *See* Van Hoesen Affidavit, ¶ 34. And, each of the complaint forms submitted by Plaintiff include a response from jail officials. *See*

---

[9]Plaintiff alleges he was never provided an inmate handbook during any period of detention at the Kay County Jail. *See* Plaintiff's Response at 2. However, his submissions of several grievances demonstrate he was familiar with the grievance process and knew how to utilize it.

Attachment I [Doc. #28-1] at electronic pages 132-142, Kay County Jail Detention Facility Inmate Request/Complaint Forms. On the record presented, the undisputed material facts demonstrate Plaintiff failed to exhaust administrative remedies as to the claims raised in Counts II and III of the Complaint. Defendants, therefore, are entitled to summary judgment in their favor as to these claims. It is recommended that the claims raised in Counts II and III be dismissed without prejudice. *See Gallagher*, 587 F.3d at 1068 ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be without prejudice.").

### C. Claims Against 5 Unknown County Commissioners

Plaintiff has named as defendants in this action "5 Unknown County Commissioners." Plaintiff has not requested issuance of summons for any of these defendants. *See* Pro Se Litigant's Request for Issuance of Summons [Doc. #11] (requesting that summons be issued for two defendants, Everette Van Hoesen and Stephanie Ringgold). Dismissal of the unknown defendants is proper on a number of grounds. In addition to Plaintiff's failure to timely serve the unknown defendants, *see* Fed. R. Civ. P. 4(m), Plaintiff has failed to state a claim upon which § 1983 relief may be granted against these defendants. While Plaintiff includes "5 Unknown County Commissioners" in the caption of the Complaint, the body of the Complaint is void of any allegations against these defendants.

For these reasons, Plaintiff's claims against the 5 Unknown County Commissioners should be dismissed.[10]

## V.     Plaintiff's Pending Motion for Appointment of Counsel

Plaintiff requests the appointment of counsel. *See* Motion for Court Appointed Counsel [Doc. #32]. Defendants have filed a Response to Plaintiff's Motion. *See* Response [Doc. #33]. In support of his request for appointment of counsel, Plaintiff claims he does not have adequate access to legal materials at his current place of confinement, the Clara Waters Community Corrections Center.

District courts are granted broad discretion with regard to the decision to request an attorney to represent an indigent litigant in a civil proceeding. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1). In exercising this discretion, the Court must consider a number of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues involved, (3) the litigant's ability to present the claims and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995).

As set forth in the above analysis, Defendants are entitled to judgment as a matter of law in their favor eliminating a need for a trial of this action. Moreover, on the record before the Court, Plaintiff has demonstrated adequate ability at presenting the facts and law applicable to his claims. In addition, the factual and legal issues surrounding Plaintiff's

---

[10]The Court may dismiss Plaintiff's claims against the unknown defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

claims are not complex. Under these circumstances, Plaintiff has failed to demonstrate that appointment of counsel is warranted, and his Motion for Appointment of Counsel should be denied.

## RECOMMENDATION

For the reasons set forth, it is recommended that Defendants' Motion for Summary Judgment [Doc. #28] be granted. The claims raised in Count I of the Complaint arising prior to December 9, 2007, are time-barred. As to claims arising after December 9, 2007, Plaintiff has failed to demonstrate a violation of his constitutional rights. The claims raised in Counts II and III of the Complaint should be dismissed without prejudice on grounds that Plaintiff has failed to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a). In addition, the claims raised against 5 Unknown County Commissioners should be dismissed pursuant to Fed. R. Civ. P. 4(m) or, alternatively, 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, it is recommended that Plaintiff's Motion for Appointment of Counsel [Doc. #32] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by April __18th__, 2011. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this  28th  day of March, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE